UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RYENEIL BOOKER,

                                    Plaintiff,

          - against –

                                                        Civil Action No.
SOHO STUDIO CORP. d/b/a TILEBAR,                        17-cv-5426 PKC-SMG

                                    Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SOHO STUDIO CORP.'S MOTION FOR SUMMARY JUDGMENT

Syma Shulman Levine, Esq.
**COOPERMAN LESTER MILLER CARUS LLP**
1129 Northern Boulevard, Suite 402
Manhasset, N.Y. 11030
(516) 365-1400
slevine@clmclaw.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 1

ARGUMENT .......................................................................................................................... 3

**I.   SOHO IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS.. 4**

    1.   Plaintiff was not a qualified individual under the ADA because he could not perform the essential function of his job, with or without a reasonable accommodation. ................... 6

    2.   Soho was under no obligation to give Plaintiff a new position. .................................. 7

    3.   Under controlling law, a request for leave of an unspecified duration is not a reasonable accommodation. ...................................................................................................... 8

    4.   There was no requirement for an interactive dialogue under the ADA........................ 9

    5.   Soho is entitled to summary judgment on the NYHRL and NYCHRL disability discrimination claims. .......................................................................................................... 10

    6.   Soho is entitled to summary judgment on the NYHRL and NYCHRL failure to accommodate claims. ........................................................................................................... 10

**II.   SOHO IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR FMLA RETALIATION. ......................................................................................... 12**

    1.   Plaintiff cannot establish that he was qualified for his position. ............................... 14

    2.   Plaintiff cannot establish that his employment was terminated under circumstances giving rise to an inference of retaliatory intent. ...................................................................... 15

**III.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION IF ONLY STATE AND LOCAL LAW CLAIMS REMAIN................ 18**

CONCLUSION ...................................................................................................................... 19

F:\clients\6873 Soho Studio Corp\001 Booker\docs\Memo of Law 02 04 19.docx

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................................... 3

*Ben–Levy v. Bloomberg, L.P.*, 518 Fed.Appx. 17 (2d Cir. 2013) ................................................. 16

*Borkowski v. Valley Cent. School Dist.*, 63 F.3d 131 (2d Cir. 1995) ........................................... 5

*Baylis v. Marriott Corp.*, 843 F.2d 658 (2d Cir. 1988) ................................................................ 19

*Clark v. New York State Elec. & Gas Corp.*, 67 F. Supp. 2d 63 (N.D.N.Y.1999) ...................... 17

*Davies v. New York City Dep't of Educ.*, 563 Fed.Appx. 818 (2d Cir. 2014) ............................ 16

*Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231 (2d Cir. 2015) ....................................................... 4

*Di Giovanna v Beth Israel Med. Ctr.*, 651 F. Supp. 2d 193 (S.D.N.Y. 2009) ............................ 13

*Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295 (2004) ......................................................... 4

*Graves v. Finch Pruyn & Co.*, 353 F. App'x 558 (2d Cir. 2009) ................................................. 8

*Hale v. Mann*, 219 F.3d 61 (2d Cir. 2000) ................................................................................. 17

*Hatchett v. Philander Smith College*, 251 F.3d 670 (8th Cir. 2001) .......................................... 17

*Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232 (E.D.N.Y. 2015) ................................... 9

*Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*,
    198 F.3d 68 (2d Cir. 1999) ...................................................................................................... 4

*Hussein v. Hotel Employees Restaurant Union, Local 6*, 108 F. Supp. 2d 360 (S.D.N.Y. 2000) 15

*Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562 (2d Cir. 2000) .............................................. 7

*Kim v. Goldberg, Weprin, Finkel Goldstein, LLP*, 862 F. Supp. 2d 311 (S.D.N.Y. 2012) .......... 13

*Kinneary v. City of New York*, 601 F.3d 151 (2d Cir. 2010) ...................................................... 11

*Kuo v Computer Assoc. Intern., Inc.*, 2007 WL 2874845 (E.D.N.Y. Sept. 27, 2007) ................. 12

*Lazzari v. New York City Dept. of Parks and Recreation*, 2018 WL 4829969 (2d Cir. Oct. 4, 2018)

*McBride v. Bic Consumer Prods. Mfg. Co.*, 583 F.3d 92 (2d Cir. 2009) ....................................... 9

*McMillan v. City of New York*, 711 F.3d 120 (2d Cir. 2013)................................................. 5, 6, 7

*Meiri v. Dacon*, 759 F.2d 989 (2d Cir. 1985) ............................................................................. 12

*Morris v. Town of Islip*, 2014 WL 4700227 (E.D.N.Y. Sept. 22, 2014) ....................................... 4

*Murray v. Visiting Nurse Servs. of N.Y.*, 528 F. Supp. 2d 257 (S.D.N.Y. 2007)........................ 15

*Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89 (2d Cir. 2015) ..................................................... 11

*O'Reilly v. Consol. Edison Co. of N.Y., Inc.*, 374 F. Supp. 2d 278 (E.D.N.Y. 2005).......... 4, 15, 18

*Owens v. N.Y. City Hous. Auth.*, 934 F.2d 405 (2d Cir. 1991) ................................................... 14

*Perry v. NYSARC, Inc.*, 424 Fed.Appx. 23 (2d Cir. 2011) ........................................................ 15

*Phillips v. Kidder. Peabody & Co.*, 782 F. Supp. 854 (S.D.N.Y.1991) ........................................ 3

*Ponticelli v. Zurich American Ins. Group*, 16 F. Supp. 2d 414 (S.D.N.Y. 1998)........................ 15

*Potenza v. City of New York*, 365 F.3d 165 (2d Cir. 2014) ................................................... 12, 15

*Price v. Mount Sinai Hosp.*, 458 F. App'x 49 (2d Cir. 2012)..................................................... 17

*Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524 (S.D.N.Y. 2009) .................................................... 17

*Rinaldi v. Quality King Distribs., Inc.*, 29 F. Supp. 3d 218 (E.D.N.Y. 2014) ............................ 13

*Romanello v. Intesa Sanpaolo, S.p.A.*, 22 N.Y.3d 881 (2013)................................................... 11

*Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155 (2d Cir. 1999) ......................... 17

*Serby v. New York City Dep't of Educ.*, 526 Fed.Appx. 132 (2d Cir. 2013) .............................. 16

*Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95 (2d Cir. 2003) ..................................................... 6

*Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161 (2d Cir. 2006)..................................................... 17

*Smith v N. Shore-Long Is. Jewish Health Sys.*, 286 F. Supp. 3d 501 (E.D.N.Y. 2018)................. 5

iv

*Smith v. Am. Exp. Co.*, 853 F.2d 151 (2d Cir. 1988) .................................................................... 12

*Stamey v. NYP Holdings, Inc.*, 358 F. Supp. 2d 317 (S.D.N.Y. 2005) ........................................... 8

*Stevens v. Rite Aid Corp.*, 851 F.3d 224 (2d Cir. 2017)................................................................. 12

*Stone v. City of Mt. Vernon,* 118 F.3d 92 (2d Cir. 1997) ................................................................. 6

*Thompson v. Gjivoje*, 896 F.2d 716 (2d Cir. 1990) ......................................................................... 3

*Thomson v Odyssey House*, 2015 WL 5561209 (E.D.N.Y. Sept. 21, 2015) ................................. 10

*Valencia ex rel. Franco v. Lee*, 316 F.3d 299 (2d Cir. 2003) ........................................................ 19

*Vangas v. Montefiore Med. Ctr.*, 6 F. Supp. 3d 400 (S.D.N.Y. 2014)...................................... 9, 11

*Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379 (2d Cir. 1996) ................................................ 4

## Statutes

29 C.F.R. § 1630.2(n)(2) .................................................................................................................. 6

29 C.F.R. § 825.214(b) ................................................................................................................... 16

29 C.F.R. § 825.216(d) ................................................................................................................... 17

29 U.S.C. § 2614.............................................................................................................................. 16

## Rules

Fed.R.Civ.P. 56(c) ............................................................................................................................ 3

## PRELIMINARY STATEMENT

Defendant Soho Studio Corp. d/b/a Tilebar ("Soho" or "Defendant") seeks summary judgment on Plaintiff Ryeneil Booker's ("Booker" or "Plaintiff") claims for (i) disability discrimination under the American with Disabilities Act of 1990 (the "ADA"), the New York Human Rights Law ("NYHRL"), and New York City Human Rights Law ("NYCHRL"), respectively; and (ii) Family Medical Leave Act ("FMLA") retaliation.

Plaintiff makes several allegations which he believes raise a genuine question of fact that should survive summary judgment.  However, as outlined herein, none of Plaintiff's factual allegations change the conclusion that Defendant is entitled to summary judgment as a matter of law.  Even presuming Plaintiff's factual allegations are true, Defendant submits that, relying soley on the undisputed facts in this case, and those matters which contain no genuine question of fact, Defendant is entitled to summary judgment as a matter of law on each of Plaintiff's claims.

## STATEMENT OF FACTS

The facts necessary for this Court to decide this case on summary judgment are limited and not in dispute. *See* Soho's Statement of Undisputed Material Facts ("SUMF").

Defendant Soho is in the wholesale and retail tile industry. SUMF ¶ 1. Plaintiff commenced employment at Soho in October 2014 as a warehouse packer. SUMF ¶ 2. The job of warehouse packer requires lifting, moving and leveling of heavy loads of tiles throughout the day. SUMF ¶¶ 3-4. It was typical for a warehouse packer to be required to lift up to 75 pounds as his primary responsibility. *Id.* Plaintiff never held any other position at Soho other than warehouse packer. SUMF ¶ 5.

1

On or about December 11, 2015, Plaintiff informed Defendant that he was involved in a car accident and could not come to work due to his injuries. SUMF ¶ 6. Soon thereafter, Plaintiff met with Soho human resources personnel, and requested medical leave due to his injuries. SUMF ¶ 7. Soho granted Plaintiff FMLA leave beginning December 11, 2015. SUMF ¶ 8. Plaintiff took the full 12-week FMLA leave which expired March 4, 2016. SUMF ¶ 9. Plaintiff does not allege that Defendant interfered in any manner with Plaintiff taking his FMLA leave. SUMF ¶ 10.

Throughout Plaintiff's FMLA leave, Plaintiff was unable to return to work due to his injuries. SUMF ¶ 11. In fact, when Plaintiff's FMLA leave expired, he has unable to return to work as he was only able to lift approximately 5-15 pounds. SUMF ¶ 12. On May 1, 2016, nearly two months after his FMLA leave expired, Plaintiff was still unable to lift more than 25-30 pounds. SUMF ¶ 13.

During his FMLA leave, Plaintiff never requested an accommodation of his disability to be assigned to any other position.[1] SUMF ¶ 14. However, Plaintiff contends that he requested an accommodation of his disability by requesting an extension his FMLA leave.[2] *See* Plaintiff's Complaint. Even if Plaintiff did request an extension of his FMLA leave, it is undisputed that during Plaintiff's FMLA leave, neither he, nor his doctors, knew when he would be able to return to work, and Plaintiff was unable to tell Soho when he was going to be able to return to work. SUMF ¶¶ 15-17.

---

[1] Plaintiff's Complaint states that Booker could have been assigned to a light duty job in the warehouse such as the "sample room," however it is undisputed that the first time any such request for a light duty assignment was made was in May 2016, over two months since the expiration of Plaintiff's FMLA leave. Significantly, even if Plaintiff requested a "light duty" position, no such position exists in the warehouse.

[2] Soho denies this claim. Nonetheless, even if Plaintiff did request an extension of his FMLA leave, it does not change the result that summary judgment should still be granted as a matter of law as outlined herein.

2

The first time Plaintiff was able to return to work was on or about May 17, 2016, over two months since the expiration of his FMLA leave. SUMF ¶ 19.  Plaintiff was informed by Soho that he was deemed to have resigned his position, that there were no open warehouse positions, and that he could apply as a new employee if a new position opened.[3] SUMF ¶ 20. Plaintiff was not qualified for any back-office positions as he did not have requisite qualifications. Plaintiff's last grade of schooling was twelfth grade and he did not graduate from high school. SUMF ¶ 21.

## ARGUMENT

The law is well-settled that a party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990). Once the moving party discharges its burden of proof under Rule 56(c), the party opposing summary judgment "has the burden of coming forward with specific facts showing that there is a genuine issue for trial." *Phillips v. Kidder. Peabody & Co.*, 782 F. Supp. 854, 858 (S.D.N.Y.1991) (Fed.R.Civ.P. 56(e)). Rule 56(e) "provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading." *Anderson* at 248. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247–48. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict

---

[3] Soho contends that Plaintiff did not contact the company at all from February to May, and thus voluntarily resigned his position pursuant to company policy.

F:\clients\6873 Soho Studio Corp\001 Booker\docs\Memo of Law 02 04 19.docx

in its favor. *Id.* at 248.  As demonstrated below, Defendant has met its burden of proof and is entitled to summary judgment because each of Plaintiff's claims fail based on the undisputed facts of this case as applied to prevailing law.

## I.   SOHO IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE CLAIMS.

The Second Circuit has established that the burden-shifting framework established by the Supreme Court in *McDonnell–Douglas* should be applied to ADA discrimination claims. *See Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231 (2d Cir. 2015). The state law and municipal law discrimination claims are also analyzed under this rubric. *See O'Reilly v. Consol. Edison Co. of N.Y., Inc.*, 374 F. Supp. 2d 278, 285 (E.D.N.Y. 2005); *see also Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295 (2004).

The plaintiff "bears the initial burden of proving by a preponderance of the evidence a *prima facie* case of discrimination." *Heyman v. Queens Vill. Comm. for Mental Health for Jamaica Cmty. Adolescent Program, Inc.*, 198 F.3d 68, 72 (2d Cir. 1999); *see also Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379, 383 (2d Cir. 1996) ("A plaintiff who raises a disability discrimination claim bears the initial burden of establishing a prima facie case."). "To make out a *prima facie* case, a plaintiff must show that (1) the employer is subject to the ADA; (2) the plaintiff was a person with a disability within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (4) the plaintiff suffered adverse employment action because of her disability." *Morris v. Town of Islip*, No. 12–CV–2984 (JFB)(SIL), 2014 WL 4700227, at *8 (E.D.N.Y. Sept. 22, 2014); *see Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 99 (2d Cir.

4

2003). Regarding the failure to accommodate claim, in the case *sub judice,* Plaintiff must establish that (1) he is a person with a disability under the meaning of the ADA, (2) Soho is a covered entity, (3) Plaintiff could perform the essential functions of his job with an accommodation, and (4) Soho refused to make such an accommodation. *McMillan v. City of New York,* 711 F.3d 120 (2d Cir. 2013).

"In determining whether a genuine issue of material fact exists for trial on an ADA discrimination claim, a court is obliged to carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture." *Smith v N. Shore-Long Is. Jewish Health Sys.,* 286 F. Supp. 3d 501, 527 (E.D.N.Y. 2018).

Significantly, and beyond dispute, "the plaintiff bears the burdens of both production and persuasion as to the existence of some accommodation that would allow [him] to perform the essential functions of [his] employment. *Id.* at 501. "It follows that the plaintiff bears the burden of proving either that she can meet the requirements of the job without assistance, or that an accommodation exists that permits her to perform the job's essential functions." *Borkowski v. Valley Cent. School Dist.,* 63 F.3d 131, 137–38 (2d Cir. 1995).

As outlined below, Plaintiffs summary judgment must be granted based on any one of the following: 1. Plaintiff could not perform the essential function of his job with or without a reasonable accommodation; 2. Soho was under no obligation to create a new job or shift essential responsibilities to others; 3. Plaintiff was not able to tell Soho when he would be expected to return from disability; and 4. Plaintiff was under no obligation to engage in an interactive dialogue when no reasonable accommodation could be made.

5

1.   <u>Plaintiff was not a qualified individual under the ADA because he could not perform the essential function of his job, with or without a reasonable accommodation.</u>

Based on the undisputed testimony, there was no reasonable accommodation for Soho to implement for Plaintiff because "[a] reasonable accommodation can never involve the elimination of an essential function of a job." *Shannon v. N.Y.C. Transit Auth.,* 332 F.3d 95, 100 (2d Cir. 2003). An "essential function" of a job means the fundamental job duties of the employment position the plaintiff holds or desires. It does not include the marginal functions that may occur through the course of a job. *McMillan, at* 125–26.  The courts have based the "essential function" analysis on several relevant factors, including: employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the mention of the function in a collective bargaining agreement, the work experience of past employees in the position, and the work experience of current employees in similar positions. *See Stone v. City of Mt. Vernon,* 118 F.3d 92 (2d Cir. 1997) (29 C.F.R. § 1630.2(n)(2)).

In this case *sub judice,* it is an undisputed fact that an essential function of a warehouse packer is the ability to lift heavy materials, and often includes lifting up to seventy (70) pounds. *See* Booker Deposition at 11-13, 39.  Utilizing the relevant factors outlined in *Stone,* there is no genuine question of fact that the lifting requirement is an essential function of a packer based on (i) Soho's judgment; (ii) the work experience of past and current packers; (iii) the written job description; and (iv) the amount of time spent lifting as a packer.  *See* Gantz Aff. at ¶¶ 2, 17-18.  Lifting heaving objects is the overwhelmingly primary responsibility and essential function of a packer.  *See* Booker Deposition at 20-23, 39.

There is no question of fact that Plaintiff <u>could not</u> perform the essential functions of a packer because, according to <u>his testimony</u>, in March, when his FMLA leave expired, he stated under oath the he could not lift more than five (5) to fifteen (15) pounds. *See* Booker Deposition at 52-53, 64. Even in May, when he requested to return to work, he testified that he could not lift more than twenty-five (25) to thirty (30) pounds. *See* Booker Deposition at 52-53, 134. Further a plaintiff's "failure to carry his burden of showing a reasonable accommodation that would have enabled him to perform the essential function" of his job supports a finding of summary judgment. *Lazzari v. New York City Dept. of Parks and Recreation*, 17-3523, 2018 WL 4829969, at *2 (2d Cir. Oct. 4, 2018). Plaintiff has not, and cannot, point to any accommodation which would have allowed him to perform the essential function of lifting heavy objects as a packer. Thus, since Plaintiff could not perform the essential function of heavy lifting in the warehouse, with or without a reasonable accommodation, the Court should grant summary judgment and dismiss Plaintiff's ADA discrimination claim.

2.   <u>Soho was under no obligation to give Plaintiff a new position.</u>

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee. *See McMillan*, at 125–26. Further Plaintiff "must demonstrate the existence, at or around the time when accommodation was sought, of an existing vacant position to which she could have been reassigned." *McBride*, 583 F.3d at 97–98. "Mere speculation" will not suffice. *See Jackan v. N.Y. State Dep't of Labor*, 205 F.3d 562, 566–67 (2d Cir. 2000). Here, Plaintiff has failed to point to any vacant position

7

to which he could have been assigned.    Thus, even if Plaintiff were qualified for some new position, which he indisputably was not, Soho was under <u>no obligation</u> to create a new position for the Plaintiff.

> 3.  <u>Under controlling law, a request for leave of an unspecified duration is not a reasonable accommodation.</u>

Even, *arguendo,* Plaintiff requested an extension, which Soho disputes, Plaintiff still fails to establish his burden because it is an undisputed fact that he did not, and could not, provide any definite date when he would be able to return to work.  *See* Booker Deposition at 71, 107-108.  In *Stamey v. NYP Holdings, Inc.,* 358 F. Supp. 2d 317, 328 (S.D.N.Y. 2005), the court held that the plaintiff "failed to establish that he was a 'qualified individual' as defined by the ADA [because plaintiff asked] for a leave of absence without any anticipated return date."  In *Stamey,* the plaintiff "could not, and did not, identify any period of time that he needed for a leave." *Id.* at 327.  Further, the plaintiff in *Stamey* "presented no evidence concerning when he would or could return to work ... [and] the evidence [was] undisputed that Plaintiff was unable to work [and] that his doctors were unable to tell him when he could return to work." *Id.*  The Second Circuit has affirmed that it is not a reasonable accommodation where a plaintiff "had made no showing that [the employer] at the time of the request had any assurance whatsoever that the accommodation would allow [the employee] to perform the essential functions of his job." *Graves v. Finch Pruyn & Co.,* 353 F. App'x 558, 561 (2d Cir. 2009).  Further, "requests for more time to followup with doctors" absent a finite return date "may only fairly be characterized as requests for indefinite leave." *Vangas v. Montefiore Med.*

*Ctr.*, 6 F. Supp. 3d 400, 413 (S.D.N.Y. 2014).

Here, like *Stamey*, it is an undisputed fact that there was no specified duration whereby Plaintiff was able to return to his former position. *See* Booker Deposition at 71, 107-108. Like *Stamey*, Plaintiff, could not, and did not, identify any period of time that he would be able to return. *Id.* Like *Stamey*, Plaintiff's doctors were unable to tell him when he could return to work. *Id.* at 71-72, 120. Thus, because Plaintiff was not a qualified individual under the ADA, his ADA discrimination claim must be dismissed.

4.   <u>There was no requirement for an interactive dialogue under the ADA.</u>

Plaintiff asserts that summary judgment should be denied because he alleges that Soho failed to engage in an interactive process in an attempt to accommodate Plaintiff. However, there is no requirement of an interactive dialogue where, as here, the employee cannot show that a reasonable accommodation existed at the time of his termination. *See Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232 (E.D.N.Y. 2015). Second Circuit law has affirmatively concluded that "even assuming, without deciding, that [a defendant] did fail to engage in such a process, this contention is meritless…[because] the ADA imposes liability for, *inter alia*, discriminatory refusal to undertake a feasible accommodation, not mere refusal to explore possible accommodations where, in the end, no accommodation was possible." *McBride v. Bic Consumer Prods. Mfg. Co.*, 583 F.3d 92, 100 (2d Cir. 2009). "[A]n employer's failure to engage in a sufficient interactive process does not form the basis of a claim under the ADA <u>and evidence thereof does not allow a plaintiff to avoid summary judgment unless she also establishes that, at least with the aid of some identified accommodation, she was qualified for the position at issue.</u>" *Id.* at 101 (<u>emphasis added</u>).

9

Indisputably, as outlined above, Plaintiff <u>cannot show</u> that a reasonable accommodation existed either at the expiration of his FMLA leave or when he requested his job back because of his complete inability to lift heavy objects. Thus, even if the Court finds that there was no interactive dialogue, it does not change the conclusion that summary judgment should be granted and Plaintiff's ADA discrimination claims must be dismissed.

5. <u>Soho is entitled to summary judgment on the NYHRL and NYCHRL disability discrimination claims.</u>

Soho should be granted summary judgment regarding Plaintiff's NYHRL and NYCHRL claims as well. "[T]he elements to find disability discrimination under the NYSHRL and NYCHRL generally track the ADA." *Thomson v Odyssey House*, 14-CV-3857 MKB, 2015 WL 5561209, at *18 (E.D.N.Y. Sept. 21, 2015). The only difference between the ADA discrimination claims and the state and local claims are that the NYSHRL and NYCHRL have a broader definition of "disability." *Id.* This distinction is irrelevant to our case because Soho is not contesting that Plaintiff was disabled. Thus summary judgment should be granted regarding Plaintiff's NYHRL and NYCHRL disability discrimination claims.

6. <u>Soho is entitled to summary judgment on the NYHRL and NYCHRL failure to accommodate claims.</u>

To state a *prima facie* case of disability discrimination for failure to reasonably accommodate under the NYSHRL and NYCHRL, the complaint must allege that (1) the employee has a disability under the relevant statute, (2) an employer covered by the statute had notice of her disability, (3) with reasonable accommodations, she could perform the essential functions of her job, and (4) her employer refused to make such accommodations. *See Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89 (2d Cir. 2015) (applying ADA reasonable

10

accommodation standard to the NYSHRL); *Kinneary v. City of New York*, 601 F.3d 151, 158 (2d Cir. 2010) (concluding that claims under the NYSHRL and NYCHRL require proof of the same elements as an ADA claim).

Additionally, the Second Circuit has applied the same rule regarding indefinite leave to the NYHRL, holding that "an indefinite leave extension...as a matter of law is not a reasonable accommodation." *Vangas* at 181; *See Romanello v. Intesa Sanpaolo, S.p.A.*, 22 N.Y.3d 881 (2013) (holding that "indefinite leave is not considered a reasonable accommodation under the [NYSHRL]" and that plaintiff's request for "a continued leave of absence to allow him to get better and return to work" where his return to work date was indefinite was an unreasonable request for indefinite leave). Thus, as Plaintiff cannot establish a reasonable accommodation because he did not know when he could return to work, Soho should be granted summary judgment regarding Plaintiff's NYHRL claims. Thus, as outlined above, the Court should grant summary judgment regarding Plaintiff's disability discrimination claims under the NYSHRL and NYCHRL.

Significantly, Soho attempted to engage in a good faith dialogue with Plaintiff regarding his return to work at the end of his FMLA leave. It is undisputed that Soho sent Plaintiff a letter reminding him that his FMLA leave was expiring at the end of February 2016. It is further undisputed that Plaintiff failed to respond to Soho's letter until May 2016.

Importantly, even *arguendo* the Court finds that there is a question of fact as to whether Plaintiff engaged in a sufficient interactive dialogue, this conclusion could only impact Plaintiff's state and local claims, and could not impact Soho's entitlement to summary judgment on Plaintiff's federal ADA claim as outlined above. *Stevens v. Rite Aid Corp.*, 851

11

F.3d 224, 231 (2d Cir. 2017) ("[I]f no reasonable accommodation existed at the time of an employee's dismissal, the employee cannot recover based on her employer's 'failure to engage' in the 'interactive process' contemplated by the ADA.").

## II.   SOHO IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS FOR FMLA RETALIATION.

The Second Circuit has established that the burden-shifting framework established by the Supreme Court in *McDonnell–Douglas* should be applied to FMLA retaliation claims. *See Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir.), aff'd in part by, 95 Fed. Appx. 390 (2d Cir. 2004). Thus, a plaintiff must make out a *prima facie* case of retaliation which requires a plaintiff to establish that: (1) he exercised rights protected under the FMLA; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *Potenza*, 365 F.3d at 168.

> If a plaintiff is successful in meeting this initial burden, the burden [then] shifts to the defendant to state a legitimate non-discriminatory reason for its action. If the defendant provides such a reason, the burden shifts back to the plaintiff to provide evidence from which a jury could conclude that the defendant's articulated reason for its action is pretextual and that the real reason for its action was retaliation for plaintiff's exercise of rights protected under the FMLA.

*Kuo v Computer Assoc. Intern., Inc.*, 05-CV-3295 DRH JO, 2007 WL 2874845, at *5 (E.D.N.Y. Sept. 27, 2007).

Significantly, "in order to rebut an employer's proffered nondiscriminatory rationale for its actions and withstand summary judgment, a plaintiff must present more than allegations that are conclusory and unsupported by evidence of any weight." *Smith v. Am. Exp. Co.*, 853 F.2d 151, 154–55 (2d Cir. 1988); *see also Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)

12

("To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all cases."); *Rinaldi v. Quality King Distribs., Inc.*, 29 F. Supp. 3d 218, 231 (E.D.N.Y. 2014) (holding that the plaintiff's "speculative argument that her termination 'must have been' related to her FMLA absences [was] insufficient at the summary judgment stage"); *Kim v. Goldberg, Weprin, Finkel Goldstein, LLP*, 862 F. Supp. 2d 311, 320 (S.D.N.Y. 2012) (granting the defendant's motion for summary judgment where the plaintiff failed to rebut the defendant's proffered non-discriminatory reason for terminating the plaintiff). Further, "[t]he mere establishment of a *prima facie* case in the face of a proffered reason for the adverse employment action is not necessarily a sufficient quantum of evidence to warrant submission to a jury." *Di Giovanna v Beth Israel Med. Ctr.*, 651 F. Supp. 2d 193, 205 (S.D.N.Y. 2009).

In our case, the parties do not dispute the first and third elements of the FMLA claim. There is no dispute that that Plaintiff was granted the full twelve (12) weeks of FMLA leave and that Plaintiff actually took the full twelve (12) weeks of leave in accordance with FMLA, satisfying the first element of Plaintiff's FMLA claim.  Likewise, the parties do not dispute that there was an adverse employment action subsequent to Plaintiff's FMLA leave, namely that Plaintiff's employment was terminated several months after Plaintiff's FMLA leave ended, satisfying the third element of the FMLA claim.

However, with regard to the second required element as outlined below, Plaintiff was not qualified for his position upon expiration of his FMLA leave and this fact cannot be disputed.  Further, with regard to the fourth element as outlined below, Plaintiff cannot establish a genuine question of fact that the adverse employment action occurred under

13

circumstances giving rise to an inference of retaliatory intent.  Plaintiff never provided any evidence to suggest retaliatory intent, and nothing in the record supports such an inference. Thus, Plaintiff has failed to establish the second and fourth elements of the FMLA claim.

1.  <u>Plaintiff cannot establish that he was qualified for his position</u>.

Here, there is no genuine question of fact that Plaintiff was not qualified for his position as a warehouse packer upon the expiration of his FMLA leave.  The Second Circuit has made clear that to sustain an FMLA retaliation claim, a plaintiff must establish that he "possesses the basic skills necessary for performance of [the] job." *Owens v. N.Y. City Hous. Auth.*, 934 F.2d 405, 409 (2d Cir. 1991).   Here, it is an undisputed fact that the basic skill necessary to be a warehouse packer is the ability to lift heavy materials. *See* Booker Deposition at 11-13, 20-21. *See also* Gantz Aff. at ¶2.  Further, there is no question of fact that Plaintiff <u>could not</u> perform the basic skill of heavy lifting, according to <u>his testimony</u>.  In March 2016, when his FMLA expired, Plaintiff testified that he could not lift more than five (5) to fifteen (15) pounds. *See* Booker Deposition at 52-53, 64.  Even in May 2016, when he requested to return to work months after his FMLA leave, he testified that he could not lift more than twenty-five (25) to thirty (30) pounds. *See* Booker Deposition at 134.  Even according to a report by Plaintiff's therapist dated May 31, 2016, Plaintiff was limited to "lifting, carrying, pushing and pulling 10 to 20 pounds." Booker Aff. at 78-79.  Thus, the Court should grant summary judgment on Plaintiff's FMLA retaliation claim because Plaintiff cannot establish that he was qualified for his position when his FMLA leave expired.

14

2.      <u>Plaintiff cannot establish that his employment was terminated under circumstances giving rise to an inference of retaliatory intent.</u>

Assuming *arguendo* that Plaintiff could establish the first three elements of his FMLA retaliation claim, Plaintiff must still show a "causal connection between the protected activity and the adverse employment action." *Perry v. NYSARC, Inc.,* 424 Fed.Appx. 23 (2d Cir. 2011) (quoting *Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 130 (2d Cir. 1996)); *Potenza,* 365 F.3d at 168. There is no genuine question of fact that Plaintiff cannot establish the casual relationship required to infer retaliatory intent. Thus, the Court should grant summary judgment and dismiss Plaintiff's FMLA retaliation claim.

A.      <u>There is not sufficient temporal proximity to infer retaliatory intent.</u>

Plaintiff fails to establish sufficient casual connection between his FMLA leave and his termination insofar as he relies exclusively on a very attenuated temporal proximity between the two events to suggest an inference of retaliation. Plaintiff's FMLA leave expired on March 4, 2016. *See* Booker Deposition at 103-104. Plaintiff's adverse employment action was not until May 17, 2016, more than two (2) months later. "[D]istrict courts within the Second Circuit have <u>consistently</u> held that the passage of <u>two to three months</u> between the protected activity and the adverse employment action <u>does not allow</u> for an inference of causation." *Murray v. Visiting Nurse Servs. of N.Y.,* 528 F. Supp. 2d 257, 275 (S.D.N.Y. 2007) (emphasis added); *See O'Reilly v. Consol. Edison Co. of N.Y., Inc.,* 374 F. Supp. 2d 278, 285 (E.D.N.Y. 2005)*; Hussein v. Hotel Employees Restaurant Union, Local 6,* 108 F. Supp. 2d 360, 367 (S.D.N.Y. 2000) ("the passage of more than two months defeats any retaliatory nexus"); *Ponticelli v. Zurich American Ins. Group,* 16 F. Supp. 2d 414, 436 (S.D.N.Y. 1998) ("causal

15

connection element of retaliation claim" not established where two-and-a-half months lapsed between complaint and adverse action).

Assuming *arguendo* that the temporal proximity in this case could suggest retaliatory intent, Plaintiff still fails to meet his burden because "temporal proximity between protected activity and an adverse employment action, alone, is insufficient to establish pretext." *Davies v. New York City Dep't of Educ.*, 563 Fed.Appx. 818, 820–21 (2d Cir. 2014) (citing *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010); *Ben–Levy v. Bloomberg, L.P.*, 518 Fed.Appx. 17, 19 (2d Cir. 2013). Rather, plaintiff is required to produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by [the defendant] were false, and that more likely than not discrimination was the real reason for the employment action." *Serby v. New York City Dep't of Educ.*, 526 Fed.Appx. 132, 135 (2d Cir. 2013) (internal quotation marks and citation omitted).   Simply stated, Plaintiff has not provided any evidence to suggest that Soho terminated him in retaliation for taking FMLA leave.

> B.   <u>Plaintiff was unable to return to work upon expiration of his leave.</u>

Plaintiff cannot establish FMLA retaliation because after he was granted his entire FMLA leave, he was unable to return to work.  *See* Booker Deposition at 71, 107-108.  The regulations that implement the FMLA specifically provide that, "[i]f the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA." 29 C.F.R. § 825.214(b); see also 29 U.S.C. § 2614. The Second Circuit has reinforced this rule, explaining that, although "[t]he FMLA

16

provides that at the end of an employee's leave, the employee has the right to return to the position he held before the leave or its equivalent ... this right is not absolute." *Sista v. CDC Ixis N. A.m., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006). If the Court were to stretch to find retaliatory intent in a case such as this, "judges would effectively amend FMLA to expand plaintiff's right to reinstatement beyond the twelve weeks provided by Congress, since it would always be possible to infer a retaliatory motive if an employee's condition persisted beyond twelve weeks." *Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 538 (S.D.N.Y. 2009).

Our courts have routinely found no sustainable FMLA retaliation claim where employees were terminated after taking full 12–week leave and were still unable to return to work at that time. See *Hale v. Mann*, 219 F.3d 61, 70 (2d Cir. 2000); *Price v. Mount Sinai Hosp.*, 458 F. App'x 49, 52–53 (2d Cir. 2012); *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999); *Clark v. New York State Elec. & Gas Corp.*, 67 F. Supp. 2d 63, 80 (N.D.N.Y.1999); *Hatchett v. Philander Smith College*, 251 F.3d 670, 677 (8th Cir. 2001); 29 C.F.R. §§ 825.216(d), 825.214(b). In *Sarno*, the Circuit held that "[t]he fact that [the plaintiff] was not restored to his position at the end of that 12–week period did not infringe his FMLA rights because it is also undisputed that at the end of that period he remained unable to perform the essential functions of his ... position." In this case, it is not disputed that Plaintiff could not return to work in March 2016 when his FMLA leave expired. *See* Booker Deposition at 53, 134.

In granting defendant's motion for summary judgment in *Hale,* the Court found that even though "the true reason for [plaintiff's] dismissal is in dispute, [plaintiff] has presented no evidence indicated that the termination decision was related to his FMLA leave. Moreover,

17

to the extent that plaintiff contends he was fired in retaliation for his FMLA leave, we also find that contention unsupported by evidence sufficient to create a genuine issue of material fact." *Hale* at 70.

In the case *sub judice*, there is no genuine question of fact that the reason for Plaintiff's termination was due to Plaintiff's failure to return to work for over two months since the expiration of his FMLA leave. *See* Gantz Aff. at ¶ 10. Likewise, there is no issue of fact as to whether Plaintiff was able to perform the essential functions of his position. Thus, the Court should grant summary judgment and dismiss Plaintiff's FMLA retaliation claim.

3.      Soho's legitimate non-discriminatory reasons for terminating Plaintiff.

There is no genuine question of fact that Plaintiff's employment was terminated after he was unable to work after two (2) months following the expiration of his FMLA leave. Our courts have held that when an employee does not return after his FMLA leave, and such absence violates company policy, it supports an inference of legitimate and nondiscriminatory action as opposed to pretexual. *O'Reilly* at 278. . Here, Soho's handbook policy specifically includes that unexcused absences are cause for termination. *See* Gantz Aff. at ¶¶10-11.

## III.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION IF ONLY STATE AND LOCAL LAW CLAIMS REMAIN

If the Court grants summary judgment on the federal causes of action, the Court should decline to exercise supplemental jurisdiction over the state and city claims. In the case in which all federal-law claims are eliminated before trial in federal court, the balance of the factors of judicial economy, convenience, fairness, and comity, which are to be considered under the pendent jurisdiction doctrine, point toward the federal court declining to exercise jurisdiction over the remaining state-law claims. 28 U.S.C.A. § 1367(a, c). *Valencia ex rel.*

*Franco v. Lee*, 316 F.3d 299 (2d Cir. 2003). Indeed, in *Valencia*, the Court of Appeals held that it was an abuse of the district court's discretion to exercise supplemental jurisdiction over the remaining state claims. *Valencia* outlined the relevant factors for the court to consider when deciding whether to exercise supplemental jurisdiction, including: (1) whether state law claims implicate the doctrine of preemption; (2) considerations of judicial economy, convenience, fairness, and comity, including the stage of proceedings when the federal claims are dismissed; (3) the existence of novel or unresolved questions of state law; and (4) whether the state law claims concern the state's interest in the administration of its government or require the balancing of numerous important state government policies. *Id*.

Here, utilizing the presumption of declining to exercise supplemental jurisdiction, the Plaintiff cannot point to any of the *Valencia* factors to override this presumption. Thus, the Court should decline to extend supplemental jurisdiction if the state and city law claims survive summary judgment.

## CONCLUSION

For all of the reasons set forth above, the Court should grant Defendant's motion for summary judgment and for such other, further and different relief as this Court may deem just and proper, including the costs and expenses in defending the action.

19

Dated:  Manhasset, New York
        February 4, 2019

                              Respectfully submitted,

                              COOPERMAN LESTER MILLER CARUS LLP

                          By: _____
                              Syma Shulman Levine, Esq. (SL9316)
                              Attorneys for Defendant Soho Studio
                               Corp. d/b/a Tilebar
                              1129 Northern Boulevard, Suite 402
                              Manhasset, NY  11030
                              (516) 365-1400